UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES BEALE,**

    **Plaintiff,**

**vs.**

**CASE NO.:**

**CLEARWATER COMPLIANCE, LLC**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW,** Plaintiff, CHARLES BEALE, hereinafter referred to as "PLAINTIFF" by and through his undersigned counsel, and sues the Defendant, CLEARWATER COMPLIANCE, LLC, hereinafter referred to as "DEFENDANT" and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

**PARTIES**

3. At all times material herein, Plaintiff was and is resident of Hillsborough County, Florida.

4. Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

5. Defendant is an employer as defined by the laws under which this action is brought

and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A copy of the charge is attached as Exhibit "A".

8. Plaintiff then received a Notice of Right to Sue from the EEOC. A copy of the Right to Sue letter is attached as Exhibit "B".

9. More than 180 days have passed since the filing of the Charge of Discrimination.

## FACTUAL ALLEGATIONS

10. Plaintiff began his employment on or about February 11, 2019, as a Senior Director of Sales.

11. Plaintiff is a qualified individual with a disability.

12. Plaintiff supervisor and co-workers were aware of his disability.

13. Plaintiff included "Dyslexia Awareness" on his signature block as an accommodation for his condition before being directed to remove it.

14. On August 12, 2019, Plaintiff was instructed to take a personality assessment as part of a newly started review process. At the time Plaintiff's area was the only group in the company that did not have periodic performance reviews.

15. Plaintiff understood the assessment to be time limited and after finishing it emailed his boss asking whether the assessment took into account his disability.

16. On August 20, 2019, Plaintiff was formally recognized and celebrated for his sales efforts.

17. Then on August 29, 2019, Plaintiff was terminated for the stated reason that "you're

not learning fast enough".

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

18. Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

19. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

20. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

21. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability.

22. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

   e. Punitive damages;

   f. Pecuniary and non-pecuniary losses;

   g. Attorney's fees and costs; and

   h. For any other relief this Court deems just and equitable.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA")**
**FAILURE TO ACCOMADATE**

23. Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

24. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

25. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

26. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interaction process.

27. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

28. Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

29. As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

30. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive Damages

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMADATE

32. Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

33. As described above, Plaintiff has a disability, and/or the Defendant perceived him

to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

34. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interaction process.

35. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

   e. Punitive Damages

   f. Pecuniary and non-pecuniary losses;

   g. Attorney's fees and costs; and

   h. For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

**DATED** this 18th day of September 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin

WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.: 907804
wolfgang@fgbolaw.com
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff